IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2007

# VERDIS CHAMBERS v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 0622641      Claudia C. Bonnyman, Chancellor**

---

**No. M2007-00042-COA-R3-CV - Filed January 24, 2008**

---

An inmate appeals the dismissal of his lawsuit under Tenn. Code Ann. § 41-21-807(b) for failure to make partial payment of the filing fee and argues the trial court abused its discretion in failing to specify the amount of the partial payment due. The trial court gave the inmate an opportunity to make the filing fee payment prior to dismissal and was not required to specify the amount due since the statute provided the formula to determine the amount of the partial payment due. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and JERRY L. SMITH, joined.

Verdis Chambers, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Kellena Baker, Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

## OPINION

On September 14, 2006 Verdis Chambers filed a petition for a writ of certiorari seeking review of the Tennessee Board of Probation and Parole's ("Board") decision to deny him early release on parole. Mr. Chambers simultaneously filed a Motion to Proceed in *forma pauperis*, an Affidavit of Poverty, and an Inmate Trust Fund Balance Certification. The Balance Certification showed a current cash balance as of August 22, 2006 of $73.59 and an average account balance for the previous six (6) months of $76.83.

Tennessee Code Annotated § 41-21-807, governing fees for inmate suits, provides as follows:

(a) An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.

(b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:

> (A) Deposits to the inmate's account; or

> (B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal

(2) After payment of the initial partial filing fee, the inmate shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to the inmate's account. The agency having custody of the inmate shall forward payments from the inmate's account to the clerk of the court each time the amount in the account exceeds ten dollars ($10.00) until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

(4) In no event shall an inmate be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the inmate has no assets and no means by which to pay the initial partial filing fee.

(c) In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

On September 29, 2006, the trial court issued an order stating that it would dismiss Mr. Chambers' case unless he made a partial payment of the filing fee required by Tenn. Code Ann. § 41-21-807 within 30 days. The total filing fee was specified in the order to be $192.50. Mr. Chambers responded that he was unable to pay the fee and made no payments toward the fee at all. Mr. Chambers offered no explanation. On November 21, 2006, the trial court dismissed Mr. Chambers' action for failure to comply with Tenn. Code Ann. § 41-21-807 since he had paid no amount toward the initial partial filing fee. Mr. Chambers filed a motion to alter or amend which was denied by the court.

Mr. Chambers appeals claiming that the trial court abused its discretion in failing to specify the amount of partial payment needed from Mr. Chambers to proceed since he did not have the filing fee of $192.50 in his account.

The statute is clear that Mr. Chambers is required to make as an initial partial payment 20% of the greater of the average of either the deposits or balance in the inmate's account for the six (6) month period before filing the complaint. Mr. Chambers failed to do so and offered no explanation as to why he did not make the initial partial payment required by Tenn. Code Ann. § 41-21-807(b). He made no payment at all. The trial court was under no obligation to specify the initial partial payment Mr. Chambers was required to make in order to proceed. Failure to comply with the requirement of Tenn. Code Ann. § 41-21-807 authorizes a trial court to dismiss the action. *Wallace v. Wallace*, M2005-01916-COA-R3-CV, 2006 WL 3246104, at *3 (Tenn. Ct. App. Nov. 8, 2006) (no Tenn. R. App. P. 11 application filed); *Freeman v. Tennessee Department of Probation and Parole*, M2002-00958-COA-R3-CV, 2003 WL 1798080, at *2 (Tenn. Ct. App. April 7, 2003) (no Tenn. R. App. P. 11 application filed).

Mr. Chambers' brief makes vague reference to some unspecified constitutional argument by referring to *Jones v. Bock*, 127 S. Ct. 910 (2007). *Jones v. Bock* has no effect in the matter pending before us as it simply held that while exhaustion is required under the Prison Litigation Reform Act of 1995, 42 U.S.C.A. § 1997e(a), for inmate lawsuits, it is an affirmative defense to be raised by the respondent and the Sixth Circuit may not by rule require an inmate to plead exhaustion before the matter may proceed. 127 S. Ct. at 919-21.

In this case, Mr. Verdis had funds in his account to pay the partial statutory fee, but failed to make any payment whatsoever. The trial court's dismissal is affirmed. Costs of appeal are taxed to the appellant, Mr. Verdis Chambers, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE